# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2067 | **DATE** | May 30, 2012 |
| **CASE TITLE** | Juan Hernandez (K-84686) v. Tarr, et al | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $14.00 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate at Stateville Correctional Center, has brought this civil rights suit pursuant to 42 U.S.C. § 1983.

Plaintiff seeks leave to proceed *in forma pauperis*. Having shown that he is indigent, he may proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges on June 10, 2011, he was required to give a urine sample for drug testing to an internal affairs officer. The urine test tested negative and the internal affairs officer required Plaintiff take a breathalyzer test. The second test also tested negative. The internal affairs officer then required Plaintiff take another test. The internal affairs officer told Plaintiff that the third test looked suspicious and he received a disciplinary ticket alleging he was under the influence of alcohol.

Plaintiff received a hearing on the disciplinary ticket but he was not allowed to call any witnesses. Plaintiff was found guilty and he received multiple penalties, including being placed in segregation for approximately 149 days.

JJD

**STATEMENT**

Plaintiff appealed the finding and the Administrative Review Board expunged the finding of guilty and he was released from segregation. Plaintiff alleges that his Fourteenth and Eighth amendment rights were violated based on false disciplinary ticket and the resulting disciplinary hearing that resulted in his being placed in segregation.

Procedural protections of the Due Process Clause are only triggered if state action implicates a constitutionally protected interest in life, liberty, or property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972). Placement in disciplinary segregation does not implicate a liberty interest unless it poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

Here, Plaintiff does not allege that his placement in segregation constituted an "atypical and significant hardship" in relation to his ordinary incidents of prison life, *see Sandin*, 515 U.S. at 486 (30 days in segregation in conditions that mirrored conditions for in unmates in administrative segregation and protective custody); *Lekas*, 405 F.3d at 612 (90 days in segregation during which prisoner was unable to participate in prison programs, lost wages, denied visitation, telephone and commissary privileges). Furthermore, courts in this district have consistently held that confinement in disciplinary segregation in an Illinois prison, including Stateville, under conditions prescribed by the Illinois Department of Corrections regulations, do not constitute an atypical and significant deprivation in relation to ordinary prison life. *See, e.g., Lekas*, 405 F.3d at 610; *Thomas v. Ramos*, 71 F.3d 754, 761-62 (7th Cir. 1997); *Davis v. Babish*, 06 C 4638, 2007 WL 2088798, at * 3 (N.D. Ill. July 20, 2007 (Kendall, J.); *Birch v. Jones*, 02 C 2094, 2003 WL 21210107, at * 5 (N.D. Ill. May 21, 2003) (Manning, J.). Thus, given that Plaintiff's penalty was not an atypical and significant hardship, he fails to state a due process claim.

In addition, Plaintiff specifically alleges that the Administrative Review Board expunged the disciplinary report. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991); *see also Birch*, 2003 WL 21210107, at * 4 (no due process violation with respect to claim related to expunged disciplinary conviction).

For the foregoing reasons, this suit is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."